UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| FREDDIE L. BYERS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:08cv0240 AS |
| | ) | |
| SUPERINTENDENT, WABASH | ) | |
| VALLEY CORRECTIONAL FACILITY, | ) | |
| | ) | |
| Respondent. | ) | |

*MEMORANDUM OPINION AND ORDER*

Petitioner, Freddie Byers, has filed a §2254 petition for federal habeas corpus relief. This Court held oral argument in this case with counsel present in South Bend, Indiana on February 25, 2009. That oral argument was very helpful to this Court. At the outset, it is important to look at the unanimous decision of the Supreme Court of Indiana as reported in *Byers v. State*, 709 N.E.2d 1024 (Ind. 1999).[1] This case was also before the Court of Appeals of Indiana resulting in a decision denying relief on December 27, 2007. *See Byers v. State*, 878 NE.2d 542 (Ind.Ct.App. 2007).[2]

---

[1] On direct appeal, Byers raised the following issues, which were rejected: (1) the trial court improperly admitted evidence regarding Byers's previous arrest; (2) the trial court improperly admitted photographs of the crime scene; (3) the trial court improperly excused an African-American from the jury panel; and (4) the trial court improperly instructed the jury. *Byers v. State*, 709 N.E.2d 1024, 1025-26 (Ind. 1999).

[2] Byers's petition for post-conviction relief filed on May 11, 2000, and amended on August 12, 2004, alleged in relevant part that his trial counsel was ineffective for failing to move for a mistrial because of certain prejudicial outbursts made by spectators in front of the jury and for failing to impeach a particular witness. Byers also alleged that his appellate counsel was ineffective for failing to raise these issues on appeal. Additionally, Byers raised several issues independently for the post-conviction court's consideration, including a claim that error was committed because Byers was transported in restraints and wearing restraints during trial. *See* Byers's list, Exb. D of post-conviction proceeding, 71D04-9701-CF-59. In accordance with the court's instructions during the post-conviction hearing held on August 27, 2004 before the Honorable Judge Michael P. Scopelitis, Byers's post-conviction counsel

Thereafter, on March 13, 2008, the Supreme Court of Indiana denied transfer. *See Byers v. State*, 891 N.E.2d 41 (Ind. 2008) (Table).[3] Thus, the case has been before the highest court in the State of Indiana on two occasions.

It is important to remember the proper parameters of this Court's function under 28 U.S.C. §2254. The burden is on the petitioner here to establish the basis for relief under §2254. In *Estelle v. McGuire*, 502 U.S. 62 (1991), the Supreme Court of the United States ruled that federal habeas corpus relief does not lie for errors of state law, and further stated that it is not the province of a federal habeas court to re-examine state court determinations on state law questions. It is also elementary that a petitioner under §2254 may not resort to a federal court without first having given the state courts a full and fair opportunity to address federal claims and correct any error that might be of constitutional magnitude. *See Wilson v. Briley*, 243 F.3d 325 (7th Cir. 2001). The petitioner must fairly present his federal constitutional claim or claims to the state court for review. *See Riggins v. McGinnis*, 50 F.3d 497 (7th Cir. 1995). The petitioner must also have presented his claims to the state's highest court. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). It is also a case

---

submitted a Supplement to Amend Petition for Post-Conviction Relief concluding that, 'after evaluating the additional claims submitted by Byers, post-conviction counsel found no merit in the claims and no purpose for further evidentiary hearings.' *Byers v. State*, 878 NE.2d 542 (Ind.Ct.App. 2007).

[3] Byers's presented the following claims for review by the Indiana Supreme Court: (1) post-conviction counsel was ineffective for failing to raise an ineffective assistance of trial counsel claim regarding Byers being restrained at trial and file a motion for default judgment; (2) trial counsel was ineffective for failing to object to the use of restraints during trial and object and move for a mistrial when Byers was made to stand before the jury in his restraints during the trial by his counsel; (3) trial counsel was ineffective for failing to object, move for a mistrial, and "ask the court for a declaration of the use of restraints" and failed to object or make a record regarding outbursts at trial; and (4) appellate counsel was ineffective for failing to raise the "outbursts" issue as fundamental error on direct appeal.

for procedural default when the state court addresses the petitioner's claim and disposes of it on an adequate and independent state law ground. *See Lee v. Kemna,* 534 U.S. 362, 375 (2002); *Coleman v. Thompson*, 501 U.S. 722 (1991), *rehr'g denied*, 501 U.S. 1277 (1991). As indicated in the papers in this case, the petition here was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1). *See Williams v. Taylor*, 529 U.S. 362 (2000).

It is readily apparent from the content of oral argument in this case that there are federal constitutional issues that have not been yet presented fairly to the State Courts of Indiana. This appears to be the situation regarding the issue as to counsel's effectiveness in handling the shackling of the defendant or use of restraints in his transport to trial and during the trial.[4] This issue simply has not been in the first instance fully presented to the trial courts of Indiana, where post-conviction counsel found no merit in Byers's restraint claims and therefore the claim was never presented. *See Wilson*, 243 F.3d at 327 (the petitioner must present both the operative facts and the legal principles that control each claim to the state judiciary). Only later did Byers's claim that counsel was ineffective for not bringing the issue of the restraints to the post-conviction court's attention. *See Lewis v. Sternes*, 390 F.3d 1019, 1024-26 (7th Cir. 2004) ("an assertion that one's counsel was ineffective for failing to pursue particular constitutional issues [such as the restraints, here] is a claim separate and independent of those issues. A meritorious claim of attorney ineffectiveness might amount to cause for the failure to present an issue to a state court, but the fact that the ineffectiveness claim was raised at some point in state court does not mean that the state court was given the

---

4     This Court carefully revisited the decision of the Court of Appeals in *Roche v. Davis*, 291 F.3d 473 (7th Cir. 2002), as well as, *Roche v. Davis*, 132 F.Supp.2d 688 (N.D.Ind. 2001), with regard to counsel's effectiveness in failing to object to the shackling of a defendant during a state court criminal trial.

3

opportunity to address the underlying issue that the attorney in question neglected to raise").

In *Lewis*, the Seventh Circuit stating the following:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27, 124 S. Ct. 1347, 1349, 158 L. Ed. 2d 64 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45, 119 S. Ct. 1728, 1732, 144 L. Ed. 2d 1 (1999); *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id*. at 276, 92 S. Ct. at 512. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. Boerckel, 526 U.S. at 845, 119 S. Ct. at 1732-33. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid*.
>
> A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim. *See id.* at 848-49, 119 S. Ct. at 1734; *see also, e.g.*, *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999); *Momient-El v. DeTella*, 118 F.3d 535, 541 (7th Cir. 1997). A procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default, *Wainwright v. Sykes*, 433 U.S. 72, 86-87, 97 S. Ct. 2497, 2506, 53 L. Ed. 2d 594 (1977), or he can establish that the denial of relief will result in a miscarriage of justice, *Murray v. Carrier*, 477 U.S. 478, 495-96, 106 S. Ct. 2639, 2649, 91 L. Ed. 2d 397 (1986). Cause for a default is ordinarily established by showing that some type of external impediment prevented the petitioner from presenting his federal claim to the state courts. *Id*. at 488, 492, 106 S. Ct. at 2645, 2648. Prejudice is established by showing that the violation of the petitioner's federal rights "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170, 102 S. Ct. 1584, 1596, 71 L. Ed. 2d 816 (1982) (emphasis in original). In order to show, alternatively, that a miscarriage of justice would result if habeas relief is foreclosed, the petitioner must show

> that he is actually innocent of the offense for which he was convicted, i.e., that no reasonable juror would have found him guilty of the crime but for the error(s) he attributes to the state court. *Schlup v. Delo*, 513 U.S. 298, 327-29, 115 S. Ct. 851, 867-68, 130 L. Ed. 2d 808 (1995).

*Lewis*, 390 F.3d at 1024-26.

Because the state courts have yet to have an opportunity to fully consider the issue that this petitioner now attempts to raise, he is procedurally defaulted in his ineffectiveness claim as to the issue of restraints in the Indiana courts. *See Lewis*, 390 F.3d at 1031 (petitioner could have raised those claims, but instead his lawyer chose to challenge other claims and petitioner is procedurally defaulted for not raising those claims in the proper appeal). In fact, Byers had moved to "dismiss" his post-conviction counsel, but after the court allowed Byers time to notify the court whether he would represent himself or need additional time to secure counsel, Byers chose to withdraw this motion. Again, Byers later contacted the court about possibly seeking new counsel, but counsel advised the court that he was not withdrawing, nor was there any basis for the additional issues that Byers sought to raise. Importantly, in May of 2005, Byers acknowledged that he wished to move forward with the proceedings and remain represented by his present counsel of record. Therefore, Byers chose not to terminate his post-conviction counsel knowing that his 'restraints' claim was not going to be presented to the post-conviction court, and knowing what claims his attorney considered meritorious. Those claims were presented to the court through Byers's attorney.

Furthermore, a claim of post-conviction counsel ineffectiveness is not a proper ground for relief in a federal habeas proceeding and does not supply "cause" for the cause-and-prejudice formula. *Szabo v. Walls*, 313 F.3d 392, 397 (7th Cir. 2002). Because Byers cannot establish both cause for and prejudice stemming from that default, nor can he show a miscarriage of justice or that

no reasonable juror would have found him guilty of the crime but for his counsel's failure to object to his being restrained while transported to and during trial— Byers is not entitled to federal habeas relief. Nothing in this record would permit the Court to overlook the default, and therefore Byers's claim that counsel was ineffective for failure to object to his wearing of restraints is procedurally defaulted. Certainly, the petitioner may request the Indiana Court of Appeals to consider this issue on a successive state post conviction relief petition. *See*, Ind. Post-Conviction Rule 1(12).

As to Byers's claim that trial counsel was ineffective for failing to object to outbursts made by spectators in the courtroom, the Court considers the merits. Generally, in order to support a claim of ineffective assistance of counsel, a defendant is required to show: (1) that counsel's performance was deficient; and (2) that counsel's deficient performance prejudiced him. *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000) (citing *Strickland v. Washington*, 466 U.S. 668, 692 (1984)). Counsel's performance should be measured by an objective standard of reasonableness "under prevailing professional norms." *Strickland*, 466 U.S. at 692. A defendant is prejudiced by an attorney's deficient performance only if there is a reasonable probability that, but for counsel's errors, the result would have different; in this case, Byers must show a reasonable probability that the jury would not have found him guilty. *Williams*, 529 U.S. at 394; *Strickland*, 466 U.S. at 686 (it must be shown that trial counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result).

This Court has reviewed the trial transcript and the entirety of this record, and has given this petitioner's case close attention. The Indiana Courts throughly addressed Byers's claim concerning the outbursts during trial, and concluded that the statements' alleged by Byers to have been made, were not in the record, but that the disruptions that did occur during trial and were explicitly noted

as being in the record, caused no prejudice. *See Byers v. State*, 878 NE.2d 542 (Ind.Ct.App. 2007). This Court agrees, and finds that Byers's claims are simply without merit. Byers' cannot show that the adjudication of his claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings. 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362 (2000).

The outbursts that occurred during trial, did not raise questions as to the evidence presented upon which the jury based Byers's guilt, nor is there evidence that the jury was affected by the outbursts in some prejudicial fashion. Even considering the affidavit of Phyllis Reade (a juror at trial who indicated that she was frightened by the outburst, and was required to leave the courtroom with the rest of the jurors while the situation was handled), there is no indication that Ms. Reade could not be fair or impartial, that Byers's was prejudiced, or for that matter, that counsel was ineffective. Lastly, even assuming that Byers's counsel was ineffective in not properly taking issue with the outbursts, Byers is not able to show that the outcome of trial would have been different in light of the eyewitness testimony provided at trial and evidence against him.

Without determining whether Byers properly demonstrated the requirements necessary to expand the record, 28 U.S.C. § 2254(e)(2), the Court considered the additional documents presented by Byers for purposes of this determination, because they do not change this Court's holding. The Court lets the record stand as the additional documents do not excuse petitioner's procedural default, show that Byers's counsel was ineffective, or show that the jury's guilty verdict would have been different. This petitioner's 28 U.S.C. §2254 petition for federal habeas corpus relief is **DENIED**.

**SO ORDERED**.
**DATED: March 4, 2009**

/s/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**